UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR BERDECIA and MISTY RODRIGUEZ,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cv-01813-TL<br><br>ORDER ON MOTION TO AMEND COMPLAINT AND CASE CAPTION |

　　　　This is an action for declaratory judgment and damages stemming from the handling of a homeowners insurance claim. This matter is before the Court on Plaintiffs Victor Berdecia and Mistry Rodriguez's Motion to Amend the Complaint and Case Caption. Dkt. No. 7. Defendant Liberty Mutual Insurance Company did not file a response, though it also did not stipulate to the motion. Having reviewed Plaintiffs' reply (Dkt. No. 15) and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

On August 13, 2024, Plaintiffs commenced this action in state court. Dkt. No. 7 at 3; *see also* Dkt. No. 1-1 (amended complaint). In the original and amended complaints, Plaintiffs identified Defendant as it is listed here—"Liberty Mutual Insurance Company"—and on August 19, 2024, they served Defendant through the Washington State Office of the Insurance Commissioner ("WAOIC"). *See* Dkt. No. 8-1 (proof of service). On September 3, Defendant appeared for this matter in state court, and on November 1, it removed this matter to federal court. Dkt. No. 7 at 3; Dkt. No. 1.

On August 23, Plaintiffs served a notice of violation of the Insurance Fair Conduct Act ("IFCA") on Defendant through the WAOIC. *See* Dkt. No. 8-2 (proof of service). On September 16, Defendant responded to the notice. *See* Dkt. No. 8-3 (response). Counsel explained that "because you have filed suit against 'Liberty Mutual Insurance Company,' Liberty Mutual has asked our office to respond." *Id.* at 2. They further stated, "Your clients' policy is underwritten by Liberty Mutual Insurance Corporation. Liberty Mutual is misidentified in both the Complaint and the 20 Day IFCA Notice." *Id.* at 2 n.1.

On September 20, Plaintiffs' counsel conferred with Defendant's counsel about the misidentification of Defendant. *See* Dkt. No. 8 (Chen declaration) ¶ 3. Defendant agreed to accept the August 23 IFCA notice as valid instead of requiring a new notice that renamed Defendant. *See id.*; Dkt. No. 8-4 at 2–3 (email exchange summarizing conferral). Plaintiffs ultimately filed the Amended Complaint, which corrected Defendant's identity in the body of the complaint but not the caption. *See* Dkt. No. 1.1.

To date, Defendant has participated in this litigation, including removal to federal court (Dkt. No. 1), an Answer to the Amended Complaint (Dkt. No. 13), and some discovery (*see* Dkt. No. 8-5 (Defendant's first set of interrogatories and requests for production or admission)).

Defendant has also produced the claim file in this matter. *See* Dkt. No. 8-6 at 4–5 (email with link to claim file).

Plaintiffs now bring the instant motion seeking to (1) add a claim for violation of IFCA and (2) amend the case caption to change Defendant's identity to "Liberty Mutual Insurance Corporation." *See* Dkt. No. 7 at 1. Plaintiffs sought agreement to the motion by Defendant, but their outreach appears to have gone unanswered. *See* Dkt. No. 8-6 at 2–4 (emails). To date, Defendant has not responded to the motion.

## II.  DISCUSSION

As an initial matter, the Court treats Defendant's failure to oppose Plaintiffs' motion "as an admission that the motion has merit." LCR 7(b)(2).

First, the Court finds that amendment is appropriate. Federal Rule of Civil Procedure 15(a)(2) instructs that the Court "should freely give leave when justice so requires," a standard that should be applied with "extreme liberality," *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Prejudice is the 'touchstone of the inquiry under Rule 15(a),'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)), and there is no demonstrable prejudice from amendment under these circumstances. Defendant has been on notice of the action (and, indeed, informed Plaintiffs of their misidentification), and the IFCA claim significantly overlaps with Plaintiffs' other claims, which include a violation of the duty of good faith and negligent claims handling. *See* Dkt. No. 1-1 ¶¶ 46–82. In addition, this case is in the early stages of discovery with no trial date set yet. If there was prejudice from this amendment, it was Defendant's burden to show it. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Further, the

other *Allen*[1] factors do not weigh against amendment. While Plaintiffs have amended their complaint once already, the proposed amendment will not significantly transform the action, and there is no evidence of bad faith, undue delay, or futility.

Second, the Court finds that the amendment relates back to the original pleading. The amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"—namely, Defendant's handling of Plaintiffs' insurance claim. Fed. R. Civ. P. 15(c)(1)(B). Further, Defendant received timely notice of the action such that "it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Finally, Defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning" its identity—a mistake Defendant itself flagged for Plaintiffs. Fed. R. Civ. P. 15(c)(1)(C)(ii).

### III.   CONCLUSION

Accordingly, Plaintiffs' Motion to Amend the Complaint and Case Caption (Dkt. No. 7) is GRANTED. Plaintiffs SHALL file the Second Amended Complaint **within three (3) days** of this Order.

Dated this 3rd day of December 2024.

Tana Lin
United States District Judge

---

[1] Courts in this Circuit consider five factors to assess whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("the *Allen* factors"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).